

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2005

# Devido v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1317

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Devido v. Atty Gen USA" (2005). *2005 Decisions.* Paper 444.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/444

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1317

———

SINA DEVIDO,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

———

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A79-303-202)

———

Submitted pursuant to Third Circuit LAR 34.1(a)
September 30, 2005

Before: RENDELL, FUENTES, and WEIS, Circuit Judges

(Filed: October 7, 2005)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

Sina Devido petitions for review of a decision by the Board of Immigration

Appeals ("BIA") affirming the rejection by an Immigration Judge ("IJ") of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We find that there is substantial evidence to support the IJ's and the BIA's decisions and accordingly deny the petition.

## I. Facts and Procedural History

As we write only for the parties, we recite only the essential facts. Devido is a native and citizen of Indonesia. He lawfully entered the United States on or about October 10, 2000, as a non-immigrant visitor for pleasure. He remained in the country longer than he was authorized to stay, and the Immigration and Nationalization Service ("INS") commenced removal proceedings against him on May 29, 2001.[1] Devido conceded removeability under Section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), but filed an application for asylum, withholding of removal, and protection under the CAT.

Devido claims that he is Christian and of Chinese descent, and that he suffered persecution in Indonesia from native Indonesians on account of his Chinese ethnicity.[2] In his testimony before the IJ, Devido, who was twenty-nine years old at the time of his

---

[1] As of "March 2003, the INS ceased to exist as an independent agency within the United States Department of Justice and its functions were transferred to the newly formed United States Department of Homeland Security. The BIA, however, remains within the Department of Justice." Leia v. Ashcroft, 393 F.3d 427, 430 n.4 (3d Cir. 2005) (citation omitted).

[2] At Devido's immigration hearing, the IJ noted that Devido did not indicate in his testimony that he suffered persecution on account of his religion.

hearing, stated that when he was in elementary school three or four native Indonesians demanded money from him almost every day. On one occasion, the native Indonesians knocked him down and beat him when he attempted to run away. According to Devido, his friend's mother found him lying on the ground and took him to the hospital for treatment. Devido further testified that when he was attending university in 1997, a group of native Indonesians, some of whom were carrying clubs and knives, approached him while he was sitting in a truck with its engine running, got into the truck, took his money, and demanded that he drive them to a political rally. Devido also testified that his father's bakery was destroyed by fire in 1998 after rioters threw Molotov cocktails into the shop, and that, one year later, native Indonesians attacked and robbed the rebuilt bakery; however, Devido was not present at the bakery when either of these incidents took place. According to Devido, the mistreatment he and his family suffered occurred because they are ethnic Chinese. Devido also stated that none of the incidents were reported to the police. Devido testified that he believes more riots will occur in Indonesia and that he cannot trust the police.

The IJ found that the main reason for Devido's trip to the United States was "to seek employment and establish a life here in the United States." The IJ also stated that Devido "apparently" had no fear of remaining in Indonesia, and that although his parents and siblings have remained there "they are not suffering in terms of their ethnicity or religion." The IJ referred to the State Department's 2001 "Country Reports on Human

3

Rights Practices: Indonesia," and found that the Indonesian government is taking steps to promote racial equality and ethnic tolerance. Accordingly, the IJ denied Devido's asylum application and his application for withholding of removal and CAT relief. The BIA affirmed, and Devido filed a timely petition for review in this Court.[3]

## II. Discussion

We review the decisions of the IJ and the BIA under the substantial evidence standard. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). We conclude that the IJ's decision, and the BIA's affirmance of it, are supported by the record.[4]

Devido claims that the IJ relied on an adverse credibility determination to deny his application for asylum. The IJ, however, did not enter an adverse credibility determination against Devido; rather, the IJ found that the portion of Devido's testimony relating to the destruction of his father's bakery in 1998 was not credible. In particular, the IJ found that a photograph of the bakery that Devido submitted in support of his claim appeared to have been altered, with the name of the business establishment apparently blacked out. The IJ found Devido's explanation that the marks were the result of the fire that destroyed his father's bakery not to be credible. The IJ's refusal to credit Devido's testimony about his father's bakery was reasonable and must be upheld. 8 U.S.C.

---

[3]Respondent Attorney General of the United States moved to dismiss Devido's appeal to this Court for lack of subject matter jurisdiction. This Court denied the motion.

[4]For this reason, this Court need not address Respondent's argument that Devido's petition must be dismissed for failure to comply with Rule 28(a) of the Federal Rules of Appellate Procedure.

§ 1252(b)(4)(B); Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001).

As the IJ and BIA determined, the incidents of discrimination, harassment, and robbery described by Devido do not amount to persecution under the controlling law. See Fatin v. INS, 12 F.3d 1233, 1240 & n.10 (3d Cir. 1993) (explaining that persecution denotes "extreme conduct" that "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional"); cf. Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (holding that ethnic Chinese Indonesian's "account of two isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, is not sufficiently severe to be considered persecution"). Thus, Devido's claim for asylum based on past persecution was properly denied.

Furthermore, the determination by the IJ and the BIA that Devido did not establish a well-founded fear of future persecution is supported by substantial evidence. Although the last incident that personally affected Devido occurred in June 1997, he continued living in Indonesia until October 2000. In addition, Devido did not claim that he attempted to escape further mistreatment by going into hiding or moving to a new location within Indonesia. Nor has Devido shown that ethnic Chinese continue to be subject to persecution in Indonesia such that he faces a reasonable probability of harm upon his return. Cf. Lie, 396 F.3d at 537 (finding that petitioner "failed to establish either that she faces an individualized risk of persecution or that there is a 'pattern or practice'

5

of persecution of Chinese Christians in Indonesia"). Aside from an incident in 2001 when one of Devido's sisters was groped while riding in a badji (a three-wheeled bike used like a taxi), Devido's Christian and ethnically Chinese parents and siblings have continued living in Indonesia without any problems since 1999. Moreover, the IJ considered the current conditions in Indonesia and found that conditions for ethnic Chinese Indonesians have improved greatly since 1998. Devido does not challenge this finding by the IJ or the conclusions of the State Department's 2001 "Country Reports on Human Rights Practices: Indonesia," which indicates that, although problems persist, the Indonesian government promotes ethnic tolerance. Thus, Devido's claim for asylum based on a well-founded fear of future persecution was properly denied.

Devido's withholding of removal and CAT claims fail for reasons similar to those discussed above.

### III. Conclusion

For the foregoing reasons, we will deny Devido's petition for review.

———